IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS W. LAUTH,            )
                            )
            Plaintiff,      )
                            )
    v.                      )    No. 04 C 3198
                            )
PRUDENTIAL INSURANCE COMPANY )    Judge Ronald A. Guzmán
OF AMERICA,                 )
                            )
            Defendant.      )
                            )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendant pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), claiming that he was wrongfully denied long-term disability benefits. This case is before the Court on plaintiff's motion to compel the production of documents. For the reasons set forth below, the motion is granted.

### Background

From February 1997 until August 1, 2003, plaintiff worked as a dentist for American Dental Partners and was a participant in the American Dental Partners Disability Income Plan ("the Plan"). (Compl. ¶¶ 6, 8-9.) Prudential is the third-party administrator of the Plan. (*Id.* ¶ 7.) According to the Plan, a participant is eligible for long-term disability benefits "when Prudential determines that . . . [he is] unable to perform the material and substantial duties of [his] regular occupation due to . . . sickness or injury . . . and [he has] a 20% or more loss in [his]

indexed monthly earnings due to that sickness or injury." (*Id.*, Ex. A, Plan at 22) (emphasis omitted).[1]

On August 1, 2003, plaintiff stopped working because of various physical ailments. (*Id.* ¶ 9.) Thereafter, he applied for disability benefits under the Plan. (*Id.* ¶ 10.) Prudential denied both his initial request and his subsequent appeal. (*Id.* ¶¶ 11-13.) This suit followed.

In the course of discovery, plaintiff asked Prudential to produce:

> a complete copy of any written or electronic manual, guidelines, protocols, standards, training or instructional materials and criteria used by defendant in both the initial adjudication of long term disability claims, as well as administrative appeals of denied claims; and
>
> a complete copy of any written or electronic notes, memoranda, correspondence, directives, or other documents relating to instructions or directions given by any employee of defendant to any other employee or independent contractor involved in adjudicating this claim which relates to the adjudication or adjustment of plaintiff's claims for disability benefits . . . .

(*See* Def.'s Mem. Opp'n Pl.'s Mot. Compel, Ex. A., Prudential Resp. Pl.'s Req. Produc. Docs., Req. Nos. 3 & 4.) Prudential says the requested documents are irrelevant because they are outside of the record it relied on to make the decisions plaintiff contests.

---

[1] Defendant says there is another portion of the long-term disability definition that lists the criteria for disability after twenty-four months of payments. (*See* Def.'s Br. Opp'n Mot. Compel at 3; *id.*, Ex. B at 22.) In its answer, however, defendant admitted that the version of the Plan plaintiff had attached to his complaint was "true and correct." (*See* Answer ¶ 6.) That version of the Plan does not define disability after twenty-four months of payments. (*See* Compl., Ex. A, Plan at 22.)

## Discussion

Whether the requested documents are relevant depends on the standard of review that applies to Prudential's decisions. Unless an ERISA plan says otherwise, a plan administrator's decision to deny benefits will be reviewed by a court *de novo*. *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000). If, however, the plan vests the administrator with discretion to determine benefit eligibility, the arbitrary and capricious standard will apply. *Id.* If the arbitrary and capricious standard applies, review is "limited to the evidence that was submitted [to the plan's administrator] in support of the application for benefits." *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999). But if the *de novo* standard applies, the "parties [may] take discovery and present new evidence." *Id.* Prudential says that the Plan gives it discretion to determine who receives benefits, rendering irrelevant the information plaintiff seeks about its claims adjudication procedures and mental processes.

The Plan vests Prudential with discretion only if it "clearly and unequivocally state[s] that it grants discretionary authority to the administrator." *Perugini-Christen v. Homestead Mortgage Co.*, 287 F.3d 624, 626 (7th Cir. 2002). Though the Seventh Circuit has emphasized that plans need not recite any "magic words" to secure deferential review, the court has crafted "safe harbor" language that plans can use to ensure that they obtain it: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir. 2000).

This Plan does not contain the safe harbor language. Rather, it says a participant is disabled, for purposes of long-term disability benefits, "when Prudential determines" that he is

3

"unable to perform the material and substantial duties of [his] regular occupation due to . . . sickness or injury" and he has "a 20% or more loss in [his] indexed monthly earnings due to that sickness or injury." (Compl., Ex. A, Plan at 22) (emphasis omitted). In addition, the Plan says: "[We] may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us." (*Id.* at 33.) Prudential contends that these provisions clearly vest it with discretion over benefits decisions.

Prudential's argument is grounded in the Seventh Circuit's decision in *Donato v. Metropolitan Life Insurance Co.*, 19 F.3d 375 (7th Cir. 1994). In relevant part, the plan at issue in *Donato* said that "disability benefits will be paid when Metlife receives proof of claim, and that 'all proof must be satisfactory to [Metlife].'" *Id.* at 377. In the court's view, that language "furnishe[d] sufficient discretion to apply the arbitrary and capricious standard of review." *Id.* at 379; *see Diaz v. Prudential Ins. Co. of Am.*, No. 03 C 2702, 2004 WL 1094441, at *7 (N.D. Ill. May 13, 2004) (construing provisions at issue in this case and relying on *Donato* to hold that "[t]he phrase 'satisfactory to Prudential' modifies the phrase 'proof of continuing disability' and . . . . adequately places the claimant on notice that his proof must satisfy Prudential's discretionary authority").

Several years after it decided *Donato*, however, the Seventh Circuit decided *Herzberger*. The question in *Herzberger* was "whether language in plan documents to the effect that benefits shall be paid when the plan administrator upon proof (or satisfactory proof) determines that the applicant is entitled to them confers upon the administrator a power of discretionary judgment[?]" 205 F.3d at 329. The answer, our court of appeals said, is no:

4

> We hold that the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or satisfactory proof), does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary. Obviously a plan will not . . . pay benefits without first making a determination that the applicant was entitled to them. The statement of this truism in the plan document implies nothing one way or the other about the scope of judicial review of his determination, any more than our statement that a district court 'determined' this or that telegraphs the scope of our judicial review of that determination. That the plan administrator will not pay benefits until he receives satisfactory proof of entitlement likewise states the obvious, echoing standard language in insurance contracts not thought to confer any discretionary powers on the insurer.

*Id.* at 332. The impetus for its decision, the *Herzberger* court said, was to "reduce the tension" between the Seventh Circuit's cases, which "seem[ed] more inclined to interpret ambiguous [plan] language" as "granti[ng] discretion to the plan administrator," and the cases of other circuit courts of appeal, which required plan documents to "confer discretion in clearer terms." *Id.* at 329-30.

The *Herzberger* court did not overrule *Donato. See id.* at 331. But its holding leaves little vitality to that case. The *Donato* court construed plan language that conditioned payment of benefits on proof of claim "satisfactory to [Metlife]" as conferring discretion on the plan administrator. 19 F.3d at 377-79. The *Herzberger* court held just the opposite: "the presumption of plenary review is not rebutted by [a] plan's stating merely that benefits will be paid only if the plan administrator determines they are due, or only if the applicant submits satisfactory proof of his entitlement to them." 205 F.3d at 331. Thus, even if it survives *Herzberger, Donato* does not represent the Seventh Circuit's current view of ERISA plan construction. Consequently, we will analyze this case in accordance with *Herzberger*.

5

In relevant part, the Plan states that a participant is disabled, for purposes of long-term disability benefits, "when Prudential determines" that he is "unable to perform the material and substantial duties of [his] regular occupation due to . . . sickness or injury" and he has "a 20% or more loss in [his] indexed monthly earnings due to that sickness or injury." (Compl., Ex. A, Plan at 22) (emphasis omitted). Nothing about that language suggests that Prudential will make a subjective, discretionary determination about whether a participant is disabled. On the contrary, that language implies that the disability determination will be based on purely objective factors: the participant's ability to perform the duties of his job and the consequent extent of his earnings loss. Thus, the disability definition is not the "plain and unequivocal" reservation of discretion that *Herzberger* envisages. 205 F.3d at 331.

Nor is the Plan's proof of claim provision. That portion of the Plan says: "[We] may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us." (Compl., Ex. A, Plan at 33.) This language does not satisfy the *Herzberger* standard. As an initial matter, it is not clear that the provision even relates to the initial disability determination. In fact, the use of the phrase "continuing disability," suggests the contrary, that Prudential's discretion to determine disability comes into play only *after* an initial disability determination had been made. Moreover, even if the provision does relate to initial disability determinations, it is not clear that it requires the claimant to submit satisfactory proof of disability. An equally plausible reading is that it requires the claimant to submit satisfactory proof that he is under a doctor's care. In short, this

6

provision does not clearly require a claimant to submit proof of disability satisfactory to Prudential to be eligible for benefits.

Even if it did, the provision still would not allow Prudential to escape *de novo* review. Resolving all of the ambiguities in Prudential's favor, the provision merely requires a claimant to give Prudential "satisfactory proof of [his] claim," language that *Herzberger* says is not sufficient to garner deferential review. *See* 205 F.3d at 332. Because the Plan language does not clearly reserve discretion to Prudential to determine eligibility, the *de novo* standard of review applies.

The *de novo* standard of review expands the universe of discoverable documents beyond the administrative record. *Perlman*, 195 F.3d at 982. Thus, if the materials sought by plaintiff are relevant to the case, they must be produced. Evidence is relevant if it has "the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The documents used by Prudential to adjudicate long-term disability claims and appeals during the period that it decided plaintiff's claim and appeal[2] and those relating specifically to the adjudication of his claim and appeal may shed light on whether Prudential properly denied plaintiff's claim. Thus, they are relevant within the meaning of Rule 401.[3]

---

[2]Plaintiff's document request three, to which these documents are responsive, has no temporal limitation. However, the only documents responsive to that request that are relevant to this case are those that Prudential used to adjudicate claims and appeals during the period that it decided plaintiff's claim and appeal. Thus, we have limited the request accordingly.

[3]Indeed, Prudential acknowledges as much in the Summary Plan Description: "If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include . . . (c) a statement that you are entitled to receive upon request and free of charge

7

## Conclusion

For the reasons stated above, plaintiff's motion to compel [doc. no. 7] is granted. Defendant is ordered to produce the documents responsive to plaintiff's document production request numbers three and four, as modified by this Memorandum Opinion and Order, within ten days of the date of this Order.

**SO ORDERED.**  ENTERED: 7/1/05

HON. RONALD A. GUZMAN
**United States District Judge**

---

your benefit claim upon request, . . . (e) a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination . . . ." (*See* Compl., Ex. A, Plan at 50.)